UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
GARY HENRY,

                Plaintiff,                      MEMORANDUM AND ORDER

    -against-                                  CV 07-2577 (LDW) (ARL)

UNITED PARCEL SERVICE, INC.,

                Defendant.
------------------------------------------------------X

WEXLER, District Judge

      Plaintiff Gary Henry ("Henry") brings this action to vacate an arbitration award issued against him following a grievance arbitration between United Parcel Service, Inc. ("UPS") and Local 804, Intentional Brotherhood of Teamsters, AFL-CIO (the "Union"), under the terms of a collective bargaining agreement (the "CBA") between UPS and the Union. UPS moves to dismiss Henry's amended petition pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Henry opposes the motion.

## I. BACKGROUND

      Henry, a former employee of UPS, allegedly sexually harassed an employee of an UPS customer, North Island Facilities, Ltd. ("NIF"), in Manhasset, New York, on July 10, 2006. The customer filed a complaint and submitted a written statement to UPS regarding Henry's conduct. As a consequence, UPS terminated Henry on August 3, 2006. The Union subsequently filed a grievance on Henry's behalf and proceeded to arbitration before Arbitrator Carol Wittenberg on September 25, 2006 and January 4, 2007, at which several witnesses (including Henry) testified.

      During the hearing, Michelle Evanson ("Evanson"), the complaining employee of NIF,

testified that Henry arrived at 4:25 p.m. for his afternoon pick-up.  Evanson was in her cubicle and told Henry that he was early; her package was not ready.  Henry replied that he would return in 20 minutes for the pick-up; she said she would be ready.  When Henry returned, Evanson was in the reception area and handed Henry the envelope.  Evanson testified that she told Henry to have a good night and turned to walk away.  Henry replied,  "I need a better hug," and grabbed her by her left shoulder from behind, turning her to face him.  He then hugged her and kissed her on the left side of her neck.  Evanson told Henry, "You really grossed me out.  Your sweat is all over my body."  Evanson reported the incident to NIF and submitted a written statement to UPS on July 10, 2006.  Evanson maintained that Henry made inappropriate comments to her in the past about her breasts and "butt," but she never formally complained.  She explained that she complained after the July 10 incident because Henry violated her space and put his hands on her.

Henry disputed Evanson's version of the incident.  He testified that he arrived early at NIF for a pick-up and Evanson told him that she was not ready and that he better come back or she would call his supervisor to tell him that Henry had gone fishing.  Henry claimed he did not believe that Evanson was joking.  Henry then told Evanson that he would return in 15 minutes.  Henry described Evanson as flirtatious.  Henry maintained that when he returned to pick up the package, Evanson said, "you deserve a hug."  Henry testified that Evanson then gave him a hug and he hugged her back.  Henry acknowledged that if he hugged her without permission, such conduct would have violated UPS's sexual harassment policy.

Three of Evanson's co-workers testified during the arbitration hearing:  Theresa Krumm ("Krumm"),  Michelle Zirpoli ("Zirpoli"), and Jean Baden ("Baden").  Krumm, a receptionist at NIF, testified that she was returning from the restroom when she observed Henry put his arm

around Evanson and hug her. She said that Henry left the office within seconds of the incident. Later, Evanson complained to Krumm about what happened.

Zirpoli was not at work at the time of the incident. However, she testified that Henry had made inappropriate comments to her in the past. Zirpoli also testified that Evanson was flirtatious, but had never seen her act inappropriately.

Baden described Evanson as "flirtatious" and "familiar" with all deliverymen, referring to them as "my boys." Baden testified that Evanson flirted with Henry and that she thought Evanson behavior was unprofessional. She also testified that she never observed Henry engage in inappropriate conduct and that she did not observe the July 10 incident.

UPS Division Manager Jim Kirk ("Kirk") testified that Henry told him about the incident, claiming that Evanson came from behind her cubicle and gave him a hug for returning to pick up her package. Henry said his face was sweaty and she made contact with her jowls. Henry denied kissing Evanson. Kirk testified that Henry also told him, "I never go half way. If they go half way, I go the rest." According to Kirk, Henry told him that after the hug Evanson asked, "What are you doing?" Kirk also testified that Henry had a history of prior incidents and complaints from customers, including a prior suspension. Henry's supervisor, Mike Hickey, also testified as to Henry's prior misconduct.

On January 22, 2007, the Arbitrator issued an award (the "Award"), rejecting Henry's version of events and finding just cause for Henry's termination. See Award (attached as Ex. 2 to Declaration of Evandro C. Gigante, Esq. ("Gigante Decl.")).

In June 2007, Henry filed a petition in New York Supreme Court, Suffolk County, against UPS to vacate the Award under Article 75 of the New York Civil Practice Law and Rules ("CPLR"). UPS removed the action to this Court, claiming the action was preempted by

federal labor law, and moved to dismiss based on Henry's lack of standing and failure to state a basis for vacating the Award. Henry then amended his petition to add a claim against the Union for breach of its duty of fair representation ("DFR").

In his amended petition, Henry alleges that he contacted the Union when he was informed of Evanson's sexual harassment charges. Henry alleges that the Union advised him that "everything was handled and he did not need to consult an attorney or take any action personally." Amended Petition ¶ 11. He also alleges that he was told on "numerous occasions" that "this (the situation/complaint) was ridiculous and that there was no need for him to gather witnesses and seek legal advice." Id. ¶ 12. Henry maintains that, between the first and second hearing dates, the Union advised him that "the case was over in that he had nothing to worry about so don't be concerned with a second hearing." Id. ¶ 13. Henry further complains about a delay between hearing dates. However, he mistakenly alleges that there was "eight months" between hearing dates, when actually it was less than four months. Nevertheless, Henry maintains that he relied on the Union's representations that he would not lose his job and that he did not need to gather evidence or witnesses to defend himself.

Henry voluntarily dismissed the amended petition as against the Union, leaving only a hybrid § 301/DFR claim against UPS. UPS now moves to dismiss the claim.

## II. DISCUSSION

A. Motion to Dismiss Standard

In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the Supreme Court rejected the "oft quoted" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957), that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of

facts in support of his claim which would entitle him to relief." Id. at 45-46. The court discarded the "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to state a claim to relief that is plausible on its face." Bell Atlantic, 127 S. Ct. at 1974.

The "plausibility" language used by the Supreme Court in Bell Atlantic has not been interpreted by the Second Circuit to require a "universal standard of heightened fact pleading," but to require a complaint to "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original). Further, courts have noted that while heightened factual pleading is not the new order of the day, Bell Atlantic holds that a "formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Williams v. Berkshire Fin. Grp. Inc., 491 F. Supp. 2d 320, 324 (E.D.N.Y.2007) (quoting Bell Atlantic, 127 S. Ct. at 1959).

On a motion to dismiss, the court must, as always, assume that all allegations in the complaint are true and draw inferences in favor of the nonmoving party. Watts v. Servs. for the Underserved, No. 06-CV-2156, 2007 WL 1651852, *2 (E.D.N.Y. June 6, 2007). The court must ensure, however, that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic, 127 S. Ct. at 1974.

B. Analysis of Claim

"The Supreme Court created a hybrid section 301–fair representation claim in order to give an employee-plaintiff standing to attempt to vacate an arbitration award." Nicholls v. Brookdale Univ. Hosp. & Med. Ctr., 204 Fed. Appx. 40, 41 (2d Cir. 2006) (citing DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164-65 (1983)). To prevail on a hybrid § 301/DFR claim,

a plaintiff must plead and prove both (1) that the employer breached a collective bargaining agreement; and (2) that the union breached its DFR.  White v. White Rose Food, 237 F.3d 174, 178 (2d Cir. 2001).  A "plaintiff may sue the union or the employer, or both, but must allege violations on the part of both."  Id. at 179.

To establish a breach of the DFR, " '[t]he union's conduct must, first, have been arbitrary, discriminatory or in bad faith, and second, it must have seriously undermine[d] the arbitral process.' "  Mack v. Otis Elevator Co., 326 F.3d 116, 129 (2d Cir. 2003) (quoting Barr v. United Parcel Serv., 868 F.2d 36, 43 (2d Cir. 1989)).  "A union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational."  Air Line Pilots Ass'n v. O'Neill, 499 U.S. 65, 67 (1991) (internal citations and quotation marks omitted).  For bad faith, there must be "fraud, deceitful action or dishonest conduct."  Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Emps. v. Lockridge, 403 U.S. 274, 299 (1971) (quoting Humphrey v. Moore, 375 U.S. 335, 348 (1964)).  "Tactical errors are insufficient to show a breach of the duty of fair representation; even negligence on the union's part does not give rise to a breach."  Barr, 868 F.2d at 43; see also Delgado v. A. Korenegay Senior House HDFC, No. 07 Civ. 7761, 2008 WL 748848, *2 (S.D.N.Y. Mar. 21, 2008) ("Even assuming the Union was negligent in its handling of the claim, negligence is an insufficient basis for a claim of breach of the duty of fair representation."); Bishop v. Hotel & Allied Servs. Union Local 758, No. 04 Civ. 10074, 2008 WL 136362, at *4 (S.D.N.Y. Jan. 14, 2008) (same).  Provided the "union acts in good faith, the courts cannot intercede on behalf of employees who may be prejudiced by rationally founded decisions which operate to their particular disadvantage.' "  Barr, 868 F.2d at 43-44 (quoting Cook v. Pan Am. World Airways, Inc., 771 F.2d 635, 645 (2d Cir 1985)).

Henry complains primarily about (1) delay in the arbitration; (2) the Union's lack of communication with him; (3) the Union's erroneous optimism regarding his prospects of success; and (4) the Union's discouraging him from retaining independent counsel. These allegations are insufficient to establish a breach of the DFR, as they fail to allege conduct by the Union that was arbitrary, discriminatory or in bad faith. Regarding the alleged delay, Henry mistakenly claims the delay was eight months, when the time between hearing dates was less than four months. Moreover, Henry's allegations do not indicate that he was substantially prejudiced in any way be this delay. Regarding the alleged lack of communication and erroneous optimism, even assuming the Union was negligent, such negligence is not sufficient to establish a breach of the DFR. Barr, 868 F.2d at 43. Regarding, the Union's discouraging him from retaining independent counsel, Article 7 of the CBA provides that "[t]he procedures set forth in the local, state and area grievance procedure may be invoked only by the authorized Union representative or Employer." Gigante Decl., Ex. 3. Henry was provided with representation pursuant to the CBA. Henry had no right to be represented by independent counsel. See Morris v. United Parcel Serv., No 98 Civ. 7353, 2001 WL 705852, at *2 (S.D.N.Y. June 13, 2001). Because Henry fails to allege conduct by the Union that was arbitrary, discriminatory or in bad faith, his is unable to state a breach of the DFR.

Moreover, Henry fails to allege facts establishing that any of these deficiencies undermined the arbitration or the Union's representation of him, as he fails to specify any way in which the Union's alleged deficient conduct altered the outcome of the arbitration. See Morris, 2001 WL 705852, at *2. This prong requires "more than a possible change in the outcome of the arbitration." Id. (citing Barr, 868 F.2d at 43).

Because Henry fails to allege conduct that would establish that the Union's actions were

arbitrary, discriminatory or in bad faith or that the Union seriously undermined the arbitral process, his complaint fails to assert a breach of the Union's DFR. Moreover, because proof of a hybrid § 301/DFR claim requires proof of violations by both the union and employer, Henry's failure to plead a DFR claim against the Union defeats his hybrid § 301/DFR claim against UPS.

In any event, Henry fails to allege a violation of the CBA by UPS. Although Henry claims that UPS violated the CBA by terminating him without "just cause," the Arbitrator determined, based on the evidence presented at the two-day hearing, that there was "just cause" for Henry's termination based in Henry's conduct. See Award at 13-18. To the extent Henry argues that the Award must be vacated because the Arbitrator erred in admitting testimony that was irrelevant and prejudicial to him and excluding other evidence, Henry's attack on evidentiary rulings does not support a hybrid § 301/DFR claim or otherwise provide a basis to vacate the Award. See Wallace v. Buttar, 378 F.3d 182, 193 (2d Cir. 2004) (concluding that Second Circuit does not recognize manifest disregard of evidence as proper ground for vacating arbitrator's award); Huntington Hosp. v. Huntington Hosp. Nurses' Ass'n, 302 F. Supp. 2d 34, 39 (E.D.N.Y. 2004). Thus, Henry's failure to assert any breach of the CBA defeats his hybrid § 301/DFR claim against UPS.[1]

---

[1] Henry also argues that the Award must be vacated because the Arbitrator failed to take an oath as required by CPLR § 7506(a). This allegation also does not support a hybrid § 301/DFR claim or otherwise provide a basis to vacate the Award. The arbitration is not governed by the CPLR, as it arose from a labor dispute subject to a CBA under federal law. In any event, even if the Arbitrator was not sworn, this basis would not be sufficient because no objection was made during the course of the arbitration. See Squire v. Henschel, 768 N.Y.S.2d 664, 664 (2d Dep't 2003).

III. <u>CONCLUSION</u>

For the above reasons, UPS's motion to dismiss Henry's amended petition is granted.

The Clerk of Court is directed to close the file in this action.

SO ORDERED.

                              _____/s/_____
                              LEONARD D. WEXLER
                              UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       February 6, 2009